**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANDREW CALVIN COLEY, | No. 16-16699 |
| Plaintiff-Appellant, | D.C. No. 1:13-cv-00912-BAM |
| v. | |
| P. D. BRAZELTON; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Barbara McAuliffe, Magistrate Judge, Presiding[**]

Submitted August 9, 2017[***]

Before:    SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

Andrew Calvin Coley, a California state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging various

constitutional violations.  We have jurisdiction under 28 U.S.C. § 1291.  We

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    Coley consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review de novo a dismissal under 28 U.S.C. § 1915A. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We affirm.

The district court properly dismissed Coley's deliberate indifference claims against defendants Martinez, De La Cruz, and Tucker, because Coley failed to allege facts sufficient to show defendants acted with deliberate indifference to a substantial risk of serious harm. *See Farmer v. Brennan,* 511 U.S. 825, 847 (1994) (a prison official is deliberately indifferent only if he "knows of and disregards an excessive risk to inmate . . . safety").

The district court properly dismissed Coley's allegation that defendant Martinez pulled a gun on him as overly vague. *See Ivey v. Board of Regents,* 673 F.2d 266, 268 (9th Cir.1982) ("Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss.").

The district court properly dismissed Coley's First Amendment retaliation claim against defendant Martinez because Coley failed to allege facts sufficient to show a causal connection between his protected conduct and the adverse action. *See Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012) (elements of First Amendment retaliation claim in prison context).

The district court properly dismissed equal protection claims against defendants Martinez, De la Cruz, and Tucker, because Coley failed to allege facts

sufficient to show that defendants discriminated against him due to his race. *See Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013) ("To prevail on an Equal Protection claim brought under § 1983, Plaintiffs must allege facts plausibly showing that the defendants acted with an intent or purpose to discriminate against [them] based upon membership in a protected class." (citations and internal quotation marks omitted)).

Coley's contention that defendants violated his constitutional rights by removing appeal PVSP-c-12-01825 from his property and file was not adequately raised before the district court. *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009). Documents not presented to the district court are not part of the record on appeal. *United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

**AFFIRMED.**

16-16699